UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

E.M.,

Petitioner,

-against-

KENNETH GENALO, Field Office Director of the New York Field Office for Immigration and Customs Enforcement et al.,

Respondents.

-----------------------------------x

**ORDER TO SHOW CAUSE**
26-CV-7460 (EK)

ERIC KOMITEE, United States District Judge:

E.M., preceding under a pseudonym, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts that his "detention was unlawful from its inception because," among other reasons, Immigration and Customs Enforcement "arrested him before filing a[ ] [Notice to Appear] and before issuing a valid warrant." Pet. ¶ 26, ECF No. 1. E.M. also says that "upon information and belief," "[r]espondents [ ] failed to conduct a proper individualized assessment of E.M.'s circumstances and whether he presented any danger or flight risk before arresting him." *Id.* ¶ 36. He moves for an order "requiring that [r]espondents release [him] immediately." *Id.* at 27.

The Court finds that good cause exists to permit the government additional time to respond. 28 U.S.C. § 2243 ("The

writ . . . shall be returned within three days unless for good cause additional time . . . is allowed."); *see generally In re Habeas Corpus Cases*, 216 F.R.D. 52, 53 (E.D.N.Y. 2003). By December 4, respondents are ordered to show cause why the writ should not issue. Petitioner should serve his reply by December 11.

Separately, E.M. moves to proceed under a pseudonym. He cites the "highly sensitive and private information" contained in the petition. Mot. Leave Proceed Under Pseudonym ("Pet.'s Mot."), ECF No. 2. That motion is denied. Federal Rule of Civil Procedure 10(a) states that "in the complaint the title of the action shall include the names of all parties." "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). The Circuit has instructed district courts to weigh "the interests of both the public and the opposing party . . . when determining whether to grant an application to proceed under a pseudonym." *Id.* at 189-90 (setting out factors for the court to consider).

E.M. argues that the petition includes "highly sensitive information including personal history and immigration status." Pet.'s Mot. 3. He does not provide details, but says

that "fear of harm would discourage him from pursuing his Petition if he did not have the opportunity to keep his identity confidential and submit other information with appropriate redactions to protect the disclosure of his identity." *Id.* at 5. The risk of these generic harms, however, is present in every immigration detention case. In other cases in which the district court allowed an immigration detainee to proceed pseudonymously, the detainee presented credible evidence that they faced real danger if they proceeded in their own name. For instance, that they faced persecution in their home countries due to their "sexual orientation," *see* Doe *v. Barr*, 479 F. Supp. 3d 20, 26 (S.D.N.Y. 2020), or "death threats," *J.H.F. v. Arteta*, No. 26-CV-4076, 2026 WL 1724066, at *1, *4 (S.D.N.Y. June 14, 2026). E.M. articulates no theory of harm particular to himself. Without this showing, we cannot say that his interests in proceeding pseudonymously outweigh those of the other stakeholders in this case.

Although respondents will ascertain E.M.'s identity upon service, the "people have a right to know who is using their courts," too. *Sealed Plaintiff*, 537 F.3d at 190. And any fear of harm from E.M. publicly naming himself will be mitigated by Federal Rule of Civil Procedure 5.2(c). That Rule provides that, in cases relating to immigration detention, the public may

only access the parties' filings in public terminals within the courthouse. Fed. R. Civ. P. 5.2(c).

Given that the public will only have limited access to E.M.'s sensitive information, and that he has not articulated with sufficient specificity the harm from proceeding publicly, his request is denied. By November 24, E.M. shall file an amended petition naming himself as the petitioner

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: November 22, 2026
Brooklyn, New York